Harjeet SINGH, Petitioner,

v.

Alberto GONZALES, Attorney General, Respondent.

No. 03–71431.
Agency No. A75–309–132.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.*

Decided April 13, 2005.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Olumide K. Obayemi, Oakland, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; Margaret Perry, and Jacqueline Dryden Fax, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM**

Harjeet Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and we reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

█ Substantial evidence supports the IJ's decision. Singh's testimony regarding his purported medical treatment for his alleged beatings was internally inconsistent, vague, and conflicted with the information contained in the physician's letter presented at the hearing. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000). In addition, several documents Singh presented in order to establish his identity were also directly contradicted by his own testimony. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (noting that identity is key element of asylum claim); *Chebchoub v. INS*, 257 F.3d 1038, 1042–43 (9th Cir.2001) (explaining that finding of even one discrepancy is sufficient to support an adverse credibility finding as long as it goes to the "heart" of the asylum claim).

█ Because Singh did not testify credibly on matters significant and relevant to his asylum claim, he was properly found ineligible for asylum. *See Lata*, 204 F.3d at 1245; *Mejia–Paiz v. INS*, 111 F.3d 720, 723 (9th Cir.1997). It follows that he failed to establish eligibility for withhold-

ing of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Petitioner's motion for attorney's fees is denied. Respondent's renewed motion for summary denial is also denied.

**PETITION FOR REVIEW DENIED.**